IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>        Plaintiff,<br><br>v.<br><br>SUNCAKES, LLC d/b/a IHOP,<br>        Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Eddie L. Moton, Jr. ("Mr. Moton"), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant SunCakes, LLC d/b/a IHOP ("Defendant") failed to accommodate Mr. Moton's religious beliefs (Christian). The Commission further alleges that Defendant unlawfully discharged Mr. Moton because of his religion and for engaging in protected activity when he requested a religious accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII. 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, a Texas limited liability company, has operated IHOP restaurants across the State of North Carolina, including a restaurant in Charlotte, North Carolina.

6. At all relevant times, Defendant has continuously done business in the State of North Carolina and in Mecklenburg County, North Carolina and has continuously maintained at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII. 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Mr. Moton filed a charge with the Commission alleging violations of Title VII by Defendant.

9. On November 8, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to eliminate the unlawful employment practices and provide appropriate relief.

10. On January 31, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 11 above.

13. Since at least February 2021, Defendant has engaged in unlawful employment practices at its IHOP restaurant located at 134 W. Woodlawn Road in Charlotte North Carolina ("Woodlawn IHOP") in violation of Section 703(a) of Title VII. 42 U.S.C. § 2000(e)-(2)(a).

14. On or about January 9, 2021, Defendant hired Mr. Moton as a Cook to work at the Woodlawn IHOP.

15. Mr. Moton is Christian and holds a sincere religious belief that Sunday is the Sabbath and a Holy Day on which Mr. Moton is to honor God by attending church services, participating in worship, and taking Communion in accordance with his church's practices.

16. At or around the time he began working for Defendant, Mr. Moton notified the General Manager who hired him ("GM 1") of his sincerely held religious belief that he must observe the Sabbath by participating in worship services and Communion on Sundays and requested that Defendant accommodate these practices by not requiring him to work on Sundays.

17. GM 1 granted the accommodation and agreed not to schedule Mr. Moton to work on Sundays.

18. Although GM 1 generally scheduled Mr. Moton to work Tuesdays, Wednesdays, Thursdays, Fridays, and Saturdays, with Sundays and Mondays off, Defendant did not consistently allow for the accommodation and at times refused the accommodation altogether.

### COUNT 1:
### Violation of Title VII
*Failure to Provide Religious Accommodation*

19. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20. Between February 2021 and May 2021, Defendant engaged in unlawful employment practices at the Woodlawn IHOP in violation of Sections 701(j) and 703(a) of Title VII. 42 U.S.C. §§ 2000e (j) and 2(a). Specifically, Defendant failed or refused to provide Mr. Moton with a reasonable accommodation for his religious practices.

21. Despite initially granting Mr. Moton the religious accommodation of not working on Sundays, GM 1 asked Mr. Moton to work on Sundays due to shortage in staff.

22. Mr. Moton complied with the requests of GM 1 and worked on four Sundays between January 2021 and April 2021.

23. In or around April 2021, Defendant assigned a new general manager to the Woodlawn IHOP, General Manager 2 ("GM 2"). After GM 2 took over, GM 1 no longer worked at the Woodlawn IHOP.

24. The first day they met, GM 2 met with Mr. Moton inside his office at the end of Mr. Moton's shift and asked Mr. Moton why he did not work on Sundays. Mr. Moton told GM 2 that he was a Christian and it was his belief that he must attend church on Sundays. Mr. Moton also told GM 2 that GM 1 agreed to not schedule him to work on Sundays so that he may attend church.

25. During this meeting, GM 2 made several statements to Mr. Moton indicating GM 2's hostility toward accommodating Mr. Motion's religious beliefs. For example, GM 2 told Mr. Moton that he, GM 2, was not excused from work to go to his own place of worship on Fridays.

26. Notwithstanding Mr. Moton's request that he not be required to work on Sundays, GM 2 repeatedly pressured Mr. Moton to work every Sunday. Mr. Moton repeatedly declined.

27. GM 2 required Mr. Moton to work on Sunday, April 25, 2021 because the Woodlawn IHOP had a promotional event, which brought more customers. At the end of Mr. Moton's shift, he told GM 2 that he would not work on Sundays.

28. GM 2 required Mr. Moton to work Sunday May 9, 2021.

29. Sunday May 9, 2021, was Mother's Day. The night before, GM 2 asked Mr. Moton to work Sunday but Mr. Moton declined. GM 2 then texted Mr. Moton that he was required to work on Mother's Day because Mr. Moton agreed on his application for employment that he would work holidays. Based on this statement, Mr. Moton believed that working on holidays was a condition of employment. Mr. Moton complied with the directive and worked on Sunday, May 9.

5

30. At the end of Mr. Moton's shift on May 9, Mr. Moton told GM 2 that because of his religious belief that he must attend church on Sundays, he could not work any future Sundays unless he was required to do so because it was a holiday. Mr. Moton further told GM 2 that he would not work the following Sunday.

31. Defendant failed to provide Mr. Moton with a reasonable religious accommodation.

32. The practices complained above were unlawful and in violation of Title VII.

33. The unlawful practices complained of above have deprived Mr. Moton of equal employment opportunities and have otherwise adversely affected his status as an employee because of his religion.

34. The unlawful practices complained of above were willful and intentional.

35. The unlawful practices complained of above were committed with malice or, at a minimum, with reckless indifference to Mr. Moton's federally protected rights.

36. As a direct and proximate result of Defendant's violation of Title VII, Mr. Moton suffered actual damages, including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

### COUNT II:
### Violation of Title VII
### *Retaliatory Discharge in Violation of Title VII*

37. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 above.

38. Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII. 42 U.S.C. § 2000e-3(a). Specifically, Defendant retaliated against Mr. Moton for engaging in protected conduct.

39. Mr. Moton engaged in statutorily protected conduct on multiple occasions between January 9, 2021 and May 12, 2021 when he requested a religious accommodation for his religious observations and practices.

40. Mr. Moton engaged in statutorily protected conduct on multiple occasions between January 9, 2021 and May 12, 2021 when he objected to working on Sundays because of his religious observations and practices.

41. Mr. Moton engaged in statutorily protected conduct on or about May 9, 2021 when he told GM 2 that because of his sincerely held religious belief, he would no longer work on Sundays, unless it was a holiday.

42. Before Mr. Moton arrived to work his next scheduled shift on Wednesday, May 12, 2021, GM 2 instructed a Shift Manager to tell Mr. Moton not to come to work.

43. On Wednesday, May 12, 2021, GM 2 fired Mr. Moton without justification.

44. When Mr. Moton spoke to GM 2 about why he was unable to come to work on Wednesday, May 12, 2021, GM 2 told Mr. Moton it was because he did not show up for work or call in on Tuesday, May 11, 2021, but Mr. Moton was not scheduled to work on Tuesday, May 11, 2021. During that phone call, GM 2 told Mr. Moton that he was fired.

45. Defendant fired Mr. Moton for engaging in the protected conduct of objecting to working on Sundays due to his sincerely held religious belief and for stating his intent to exercise the religious accommodation granted to him when he was hired.

46. The unlawful practices complained of above were intentional.

47. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Moton.

48. The unlawful practices complained of above have deprived Mr. Moton of equal employment opportunities and have otherwise adversely affected his status as an employee because he engaged in protected activity.

49. As a direct and proximate result of Defendant's violation of Title VII, Mr. Moton suffered actual damages including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## COUNT III:
## Violation of Title VII
### *Discriminatory Discharge in Violation of Title VII*

50. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 49.

51. Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII. 42 U.S.C. 2000e-2(a)(1). Specifically, Defendant discharged Mr. Moton because of his religion.

52. Mr. Moton was fired because of his sincerely held religious belief that his religion, Christian, requires him to attend Church on Sundays conflicted with Defendant's desire that Mr. Moton be available to work on Sundays.

53. At all times during his employment, Mr. Moton's job performance met his employer's legitimate expectations.

54. During Mr. Moton's employment, GM 2 displayed open hostility toward Mr. Moton's religious beliefs and his religious accommodation, including but not limited to asking Mr. Moton "what's more important, your church or your job?"

55. After GM 2 fired Mr. Moton, he made statements to Mr. Moton's coworker such as saying that religion should not take precedence over Mr. Moton's job, that Mr. Moton thinks

he's more important because he goes to church, and that Mr. Moton thinks it's more important to go to church than to pay his bills.

56. Similarly situated individuals who did not need to be excused from work on Sundays to attend weekly church services were not discharged.

57. The unlawful practices complained of above were intentional.

58. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Moton.

59. The unlawful practices complained of above have deprived Mr. Moton of equal employment opportunities and have otherwise adversely affected his status as an employee because of his religious beliefs.

60. As a direct and proximate result of Defendant's violation of Title VII, Mr. Moton suffered actual damages including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from discriminating based on religion and from engaging in unlawful employment practices which discriminate on the basis of religion, including in the denial of reasonable accommodation.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against employees who oppose such unlawful employment practices.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all religions, including Christianity, to observe religious holy days, including regularly scheduled religious services, for persons who engage in protected activity under Title VII, and which eradicate the effects of past and present unlawful employment practices.

D. Order Defendant to make Eddie L. Moton, Jr., whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay.

E. Order Defendant to make Eddie L. Moton, Jr. whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Eddie L. Moton, Jr. whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life and loss of civil rights, in amounts to be determined at trial.

G. Order Defendant to pay Eddie L. Moton, Jr., punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 9ʰ day of May, 2023.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        GWENDOLYN YOUNG REAMS
        Acting General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        131 M. Street, NE
        Washington, D.C. 20507

        CHRISTOPHER LAGE
        Deputy General Counsel

        MELINDA C. DUGAS
        Regional Attorney

        YLDA M. KOPKA
        Assistant Regional Attorney

        /s/ **Taittiona Miles**
        TAITTIONA MILES
        Trial Attorney
        N.C. Bar No. 50879
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: (980) 296-1301
        Facsimile: (704) 954-6412
        Email: taittiona.miles@eeoc.gov

        /s/ Emily J.C. Maloney
        EMILY MALONEY
        Trial Attorney
        NC Bar No. 52820
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Telephone: (980) 296-1252
        Facsimile: (704) 954-6412
        emily.maloney@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**