**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cv-274-MOC-SCR**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff,**

**v.**

**SUNCAKES NC, LLC and SUNCAKES, LLC d/b/a IHOP,**

**Defendants.**

**CONSENT DECREE**

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the United States Equal Employment Opportunity Commission ("Commission") and SunCakes NC, LLC, and SunCakes, LLC, d/b/a IHOP ("Defendants"), (collectively "the Parties"), and as entered by this Court.

## I. BACKGROUND

1. The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices based on religious discrimination and retaliation, and to secure appropriate relief for Eddie Lee Moton, Jr (Mr. Moton).

2. The Commission's Amended Complaint alleges that Defendants failed to accommodate Mr. Moton's religious beliefs, Christian, and retaliated against him because of his religious beliefs

and for engaging in protected activity, in violation of Title VII. Defendants deny all allegations of wrongdoing in the EEOC's Amended Complaint.

3. The Parties have engaged in settlement negotiations and agreed to resolve this matter without the burden expense or delay of further litigation. The Parties have agreed that this action should be finally resolved by this Consent Decree ("Decree") and that this Decree is final and binding on the Parties, their successors and assigns.

## II. FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a. This Court has jurisdiction over the Parties and the subject matter of this action;

b. The terms of this Decree are adequate, reasonable, equitable, and just;

c. The rights of the Parties and the public interest are adequately protected by this Decree;

d. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree;

e. This Decree constitutes the complete understanding between the Parties regarding the matters discussed herein;

f. This Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties and effectively resolves all matters in controversy relating to the above-styled civil action and the underlying administrative charge.

## III. TERMS

WHEREFORE, it is **ORDERED, ADJUDGED** and **DECREED** as follows:

5. This Court will retain jurisdiction for the duration of this Decree, which shall be for a period of two (2) years from the date of entry by this Court.

6. If, at the end of the two-year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended, and the Court will retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

7. No party shall contest the jurisdiction of this Court to enforce this Decree and the terms hereunder, nor shall any party contest the right of the Commission to bring an enforcement action seeking compliance upon an alleged breach of any term of this Decree.

8. This Decree fully and finally resolves the claims asserted by the Commission in this action, styled above as *Equal Employment Opportunity Commission v. SunCakes NC, LLC, and SunCakes, LLC, d/b/a IHOP*, Civil Action No. 3:23-cv-00274, and the claims asserted by Mr. Moton in the underlying administrative charge, EEOC Charge No. 430-2021-01961.

9. This Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the Commission or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendants and all affiliated entities.

10. The terms of this Decree are and shall be binding upon the Parties and upon the present and future representatives, agents, directors, officers, successors, and assigns of Defendants.

11. If any provision of this Decree shall be deemed unenforceable, the remaining provisions shall survive and remain in full force and effect.

## IV. INJUNCTIVE RELIEF

12. Defendants, each of their officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from

discriminating against any employee or applicant on the basis of religion within the meaning of Title VII, including by failing to provide a reasonable accommodation for religious observations based on the sincerely held religious beliefs of an employee or applicant.

13. Defendants, each of their officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from discriminating or retaliating against any employee because of the employee's opposition to a practice made unlawful under Title VII, or because the employee filed a charge of discrimination or retaliation, gave testimony, assisted with an investigation, or otherwise participated in any proceeding under Title VII.

14. Defendants, each of their officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from retaliating against any employee because the employee requested that Defendants reasonably accommodate his or her religious practices.

## V. MONETARY RELIEF

15. Within in fifteen (15) days of the entry of this Decree, Defendants shall pay to Mr. Moton the total sum of Forty Thousand Dollars ($40,000) ("Settlement Payment") in full and final settlement of this civil action, *Equal Employment Opportunity Commission v. SunCakes NC, LLC, and SunCakes, LLC, d/b/a IHOP,* Civil Action No.: 3:23-cv-00274, and EEOC Charge No. 430-2021-01961 filed by Mr. Moton. The Settlement Payment constitutes a debt owed to and collectable by the United States for which Defendants shall be held liable should any portion of such debt remain unpaid. Defendants shall make payment by issuing a check payable to "Eddie Moton" and shall send the check via tracked first class mail or commercial delivery service to a mailing address provided by the Commission. Concurrently, copies of the checks shall be

submitted to the Commission by electronic mail at EEOC-CTDO-decree-monitoring@eeoc.gov.

16. Neither the Commission nor Defendants make any representations, or assume responsibility for any tax liability, assessments, interest, penalties, and/or costs that Mr. Moton may or may not incur on such payments under local, state, and/or federal law.

17. If the Commission is required to issue a Form 1098-F in connection with payments made under this Decree, the EIN and the name and address of the employee of each Defendant to whom the copy of the Form 1098-F should be directed are as follows:

Defendant's EIN: 85-2101384

Name: Suncakes NC, LLC

Physical Address: 4515 LBJ Fwy, Dallas, Texas 75244

18. The Commission has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The Parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## VI. NON-MONETARY RELIEF

19. Within fifteen (15) days of the entry of this Decree by the Court, Defendants shall eliminate from Mr. Moton's personnel records all documents, entries, or references of any kind relating to the facts and circumstances surrounding the filing of this litigation and the underlying administrative action identified by EEOC Charge Number 430-2021-01961 and shall notify the Commission of compliance with this paragraph.

20. If Defendants receive an inquiry about Mr. Moton from a potential employer, Defendants shall provide a neutral reference limited to providing Mr. Moton's dates and location of employment.

## A. POLICY AND PROCEDURE REVISIONS

21. Defendants have in place a Co-Worker Handbook ("Handbook") that includes an Anti-Harassment, Discrimination, and Retaliation ("A-HDR") policy. Within ninety (90) days of the entry of this Decree, Defendants shall amend their Handbook and A-HDR policy to include the following:

a. An explanation of the requirements of Title VII, which requires accommodation of sincerely held religious beliefs and practices absent undue hardship. An accommodation may include, but is not limited to, time off to observe religious holy day(s) or practices;

b. A statement that Defendants will provide reasonable accommodations for sincerely held religious beliefs and practices of applicants and employees unless such accommodation would pose an undue hardship;

c. Procedures for applicants and employees to request a religious accommodation;

d. Procedures which Defendants will follow to consider and respond to an applicant or employee's request for religious accommodation;

e. Procedures by which Defendants will notify employees, in writing, of decisions made related to their religious accommodation requests; and

f. A definition of religious discrimination, including but not limited to failure to provide reasonable accommodation to employees with sincerely held religious beliefs.

Implementation of the revised A-HDR policy means that Defendants shall distribute the revised policy to all current employees within the aforementioned ninety (90) day period. In addition, during the term of this Decree, Defendants shall distribute the amended Handbook and A-HDR policy to all new employees and review it with them at the time of hire during orientation.

22. During the term of this Decree, Defendants shall post a copy of their revised A-HDR policy in all of their restaurants located in North Carolina in a place where it is visible to all employees

and report compliance with this paragraph to the Commission within ninety (90) days of the entry of this Decree. If any copy of the revised A-HDR policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the revised A-HDR policy.

**B. REPORTING PROCEDURES**

23. Within ninety (90) days of the entry of this Decree, Defendants shall amend their A-HDR policy to outline a specific procedure for "reporting and investigating harassment, discrimination, and retaliation" claims and discrimination in the form of failing to accommodate a religious belief or practice ("Revised Reporting/Investigation Procedures"); update its handbook and other policies so that they incorporate and are consistent with the Revised Reporting/Investigation Procedures; distribute copies of the Revised Reporting/Investigation Procedures section of the A-HDR policy to all employees, including managers, supervisors and human resource professionals; and provide the Commission with written confirmation that this requirement has been satisfied.

Defendants' Revised Reporting/Investigation Procedures policy shall include the following:

a. Notice that employees may report religious discrimination and discrimination in the form of failing to accommodate religious beliefs and practices to any manager, assistant manager, human resources employee, or corporate officer (hereinafter "Reporting Officials") at any time;

b. The identification of at least one phone number and one email address at which employees may contact each of the Reporting Officials identified above;

c. A requirement that Reporting Officials shall document in writing all verbal or written complaints of religious discrimination, observations of conduct that appear to be religious discrimination and/or the receipt of other information indicating religious discrimination. A report shall be made to Defendants' Director of Human Resources within five (5) calendar days of the incident with the following information: the full name of the employee(s) who allegedly engaged in religious discrimination, date(s) of the incident(s), the full name of any witnesses, and a brief description of the incident(s) alleged;

d. Confirmation that Defendants will thoroughly investigate all complaints of

discrimination;

e. A procedure for prompt commencement of an investigation following receipt of a discrimination complaint and for appropriate remedial action, including disciplinary action up to and including termination of employment;

f. Notice that if Defendants find that an employee or manager engaged in or permitted unlawful discrimination or harassment in the workplace, Defendants will take remedial action and appropriate disciplinary action up to and including termination from employment without the opportunity for rehire;

g. Notice that Defendants will not tolerate retaliation by any manager or assistant manager toward the victim of discrimination or harassment, any employee who reported discrimination or harassment, or any person who provided information or otherwise participated in any investigation into allegations of discrimination and harassment, and that any such retaliation will result in disciplinary action, up to and including termination from employment; and

h. Notice that any Reporting Official who permits discrimination or harassment to occur, fails to report discrimination or harassment, or fails to implement measures outlined in the A-HDR policy to remedy discrimination or harassment shall be disciplined, up to and including termination of employment, and that if the Reporting Official is not discharged, a record of such discipline will be placed permanently in his or her personnel file.

Implementation of this Revised Reporting/Investigation Procedures means that Defendants shall distribute the policy to all current employees within the aforementioned ninety (90) day period. In addition, during the term of this Decree, Defendants shall distribute the policy to all new employees and review it with them at the time of hire or during orientation.

24. Within ninety (90) days of the entry of this Decree, Defendants shall prominently post a telephone number for an off-site Reporting Official and also post a copy of the Revised Reporting/Investigation Procedures described above in all restaurants where they are visible to employees; and shall provide written confirmation to the Commission that this requirement has been satisfied. The telephone number for the off-site Reporting Official and revised Reporting/Investigation Procedures shall remain posted throughout the duration of this Decree. If any posting becomes defaced or unreadable, Defendants shall replace it by posting another copy.

**C. TRAINING**

25. During the term of this Decree, Defendants shall provide an annual training program of at least one (1) hour to all employees, executives, managers, assistant managers or supervisors located or employed at restaurants owned and operated by Defendants in North Carolina and all Human Resources employees who have responsibility for restaurants owned and operated by Defendants in North Carolina. Each training program shall include an explanation of:

a. Title VII's prohibition against discrimination based on religion;

b. Title VII's requirement to provide reasonable religious accommodations;

c. Title VII's prohibition against retaliation for engaging in activities protected by the statute;

d. The penalties for engaging in discrimination or retaliation; and

e. Defendant's anti-discrimination policies.

26. The first training program shall be conducted live and in person and shall be completed within one hundred twenty (120) days of the entry of this Decree. Subsequent trainings may be conducted through a live or recorded trainer and may be delivered in-person or through a computer-based learning environment. At least fifteen (15) days prior to each training program, Defendants shall submit to the Commission an agenda for the training program by electronic mail directed to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is acceptable to the Commission unless otherwise notified by the Commission within five (5) days of submission of the agenda.

27. Within fifteen (15) days after completion of each training program, Defendants shall provide written confirmation to the Commission that the training was completed, along with an

attendance roster signed by each employee who received the training.

28. Defendants shall allow one or more representative(s) from the Commission to attend any training programs required by this Decree at the sole discretion of the Commission. The Commission will notify Defendants of its intent to attend any such program pursuant to the notice procedure described in Section E Paragraph 31 below.

**D. POSTING OF NOTICE TO EMPLOYEES**

29. Within twenty-one (21) days of the entry of this Decree, and continuing throughout the term of this Decree, Defendants shall conspicuously post the attached Employee Notice, marked as Exhibit A and hereby made a part of this Decree, in a place or places where it is visible to all employees at restaurants owned and operated by either Defendant in North Carolina. The posted Notice shall be laminated and on paper that is no smaller than 8.5 x 11. If the Employee Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Employee Notice. Within twenty-eight (28) days of the entry of this Decree, Defendants shall notify the Commission that the Employee Notice has been posted pursuant to this provision.

**E. COMPLIANCE REPORTING AND INSPECTION**

30. During the term of this Decree, Defendants shall provide the Commission with regularly scheduled reports, The first of these reports will be due six (6) months after the entry of this Decree, and each subsequent report will be due every six (6) months thereafter except for the final report which will be due no later than ninety (90) days prior to the expiration of this Decree. The reports will include the following information:

a. The identity of each employee of either Defendant who at any time during the reporting period was denied a religious accommodation either verbally or in writing:

i. For each employee identified above, state the name and job title of the person who requested a religious accommodation, the date of the request, the name of the individual to whom the employee made the request, a detailed description of

the request, and a detailed description of any action Defendants took in response to the accommodation request, including why the request was denied;

ii. For each individual identified above, state whether the individual's employment status has changed in any respect (for example, including but not limited to termination, demotion, promotion, or to part time from full time), and a detailed statement explaining why the individual's employment status has changed.

b. Defendants shall provide the social security number of an individual identified in response to this paragraph within forty-eight (48) hours of a request by the Commission.

c. In the event there is no activity to report, Defendants shall send the Commission a report stating that there has been no activity.

31. The Commission may review compliance with this Decree. As part of such review and upon three (3) days' notice to Defendant's point of contact, the Commission may inspect any of Defendants' North Carolina restaurants, interview employees, and examine and copy documents. As part of the review for compliance with the posting provision of Section A Paragraph 22, Section B Paragraph 24, and Section D of this Consent Decree, the Commission may inspect Defendants' facilities without prior notice.

32. If anytime during the term of this Decree the Commission believes that Defendants are in violation of the Decree, the Commission shall give written notice of the alleged violation to Defendants. Defendants shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the Parties shall have a period of seven (7) days, or other period of time as may be agreed upon by them, in which to engage in negotiation regarding any alleged violation before the Commission initiates an enforcement proceeding.

## IV. NOTICES

33. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov.

34. All notices by the Commission to Defendants pursuant to this Decree shall be sent by electronic mail to: Laura McLand at lmcland@sunholdings.net . If at any time during the term of this Decree Defendants' designated point of contact changes, Defendants shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

## VII. MISCELLANEOUS PROVISIONS

35. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

SO ORDERED.

Signed: August 6, 2024

Max O. Cogburn Jr.
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

YLDA KOPKA
Assistant Regional Attorney

/s/ Taittiona Miles
TAITTIONA MILES
Trial Attorney
NC State Bar No. 50879
EEOC, Charlotte District Office
129 W. Trade Street
Charlotte, NC 28202
Telephone: (980) 296-1301
Email: taittiona.miles@eeoc.gov

/s/ Emily J.C. Maloney
EMILY MALONEY
Trial Attorney
NC State Bar No. 52820
EEOC, Charlotte District Office
129 W. Trade Street
Charlotte, NC 28202
Telephone: (980) 296-1252
Email: emily.maloney@eeoc.gov

ATTORNEYS FOR PLAINTIFF

**SUNCAKES NC, LLC and SUNCAKES LLC d/b/a IHOP Defendants**

/s/ Kayla McDaniel
Kayla McDaniel
NC Bar No. 57995
Cranfill Sumner, LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
Email: kmcdaniel@cshlaw.com

/s/ F. Marshall Wall
F. Marshall Wall
NC Bar No. 26804
Cranfill Sumner, LLP
P.O. Box 27808
Raleigh, NC 27611
Telephone: (919) 828-5100
Email: mwall@cshlaw.com

ATTORNEYS FOR DEFENDANTS

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **C/A NO.: 3:23-cv-00274-MOC-SCR** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **EMPLOYEE NOTICE** |
| | ) | |
| **SUNCAKES NC, LLC and SUNCAKES, LLC d/b/a IHOP,** | ) | |
| **Defendants.** | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and SunCakes NC, LLC and SunCakes, LLC, d/b/a IHOP (hereafter "the companies") in a lawsuit alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. As part of the settlement, the companies agreed to pay monetary damages to the affected employee and to take other actions set out in a Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. The companies will comply with such federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the EEOC.

4. Employees have the right to report allegations of employment discrimination in the workplace. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the EEOC.
**DO NOT REMOVE THIS NOTICE UNTIL: ____________________, 2026**.